RECEIVED
CLERK'S OFFICE
2015 MAR 20  AM 8: 35
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA

MACON DIVISON

| | |
|---|---|
| **PREMESSA JENKINS, BY AND FOR TAMIA JENKINS** Plaintiff(s) | : : : |
| Vs. | : |
| **SMITH, WELCH, WEBB & WHITE, ATTORNEYS FOR BUTTS COUNTY SCHOOL DISTRICT** Defendant(s) | : : : : |

**5:15-CV-097**

## COMPLAINT

THE Plaintiffs contend that the Defendant did knowingly and willingly violate the Civil Rights of Tamia Jenkins and her parent Premessa Jenkins under Section 1983, specifically: 42 U.S.C 12203a-b, the Privacy Act of 1974 (5 U.S.C. 552a), and 18 U.S.C. 1001a in that David Waldroup (hereinafter known as "the Attorney"), an attorney employed by and assigned to represent the Butts County School District in litigation with the Plaintiffs, presented documentation that was part of Tamias school record in court without prior permission or knowledge of her parent, Premessa Jenkins.

THIS violation occurred on December 2nd, 2014 at a hearing with the Office of State Administrative Hearings. The Attorney presented in evidence a copy of a report which contained the testimony of an educator, Ms. Amy Clyburn, who stated that she had witnessed abnormal behavior on the part of Tamia Jenkins. The report, an excerpt of

which is included below, was not properly handled by either Ms. Clyburn or the agency to which she sent it, causing a three month delay in any attempt at investigation.

SAID report had no bearing on the case before the court that day and, further, did not include any academic information that would preclude a violation of FERPA by being released from public consumption.

THE Attorney originally presented the report, in conjunction with another report to the same agency, in discovery for that case on October 21st, 2014 (item J-35). Mrs. Jenkins had not been made aware of that report, nor of any such abnormal behavior prior to that discovery meeting.

WHEN confronted with the report, the Attorney denied any knowledge of the origin of the report, even though it was he who presented the Respondents evidence in Discovery, and further, to the Judge presiding over the hearing.

THE excerpt from the report in question follows:

"Tamia was engaging in some unfamiliar behaviors. She began to pull at her pants as if some imaginary force was trying to pull them down. We asked if she was okay and non-verbal she didn't say anything. We noticed the behaviors and told her to tell whatever imaginary force was messing with her to stop. She began to push the imaginary force away from her lower private area. After doing this for a few minutes Tamia said or voiced what sounded like "Stop, boy!" Tamia said this with an upset/frustrated tone. After this Tamia said "Baby, Baby, Baby." (which she has said before) but this time was with a totally new and more intimate tone of voice. Also when changing her this afternoon we noticed a mark, that we thought was a piece of hair earlier, that was a perfect circle in shape. It is unknown if it was a burn or a scratch at this time."

NONE of the above excerpt, which was the only subject of the report, has anything to do with the case that was before the court that day. In addition, the report contains nothing remotely to do with the academic record of Tamia. According to FERPA, an outside party may view such information without the permission of the parent or the child if the

information is either academic in nature or subject to criminal investigation of the child by law enforcement. This report met neither of those criteria.

IN addition, based upon evidence presented by the Defendants attorney, Ms. Clyburn, as well as other educators, fully undressed Tamia daily for inspection of her person in an attempt to "identify and document any new scars or marks." These reports, as well as drawn charts of the body, were put in the hands of the Districts Attorney, who then made these private documents public by presenting them before the court on December 2nd, 2014. FURTHER, evidence was presented by the Attorney documenting the frequency and duration of seizures experienced by Tamia while on school grounds, also making that private health information a matter for public consumption.

MRS. Jenkins, thanks to these retaliatory actions, felt she had no choice but to disenroll Tamia from school and the District in order to preserve both hers and her childs safety as well as their privacy from further incursions of this or any other nature.

THIS retaliation, as well as the additional charges, has caused emotional stress and physical illness for the Plaintiffs.

Now comes the above Plaintiff and shows the Court the following:

1.

Premessa Jenkins
178 Jackson Street
Jackson, Georgia 30233

2.

Smith, Welch, Webb & White LLC
117 Brookwood Ave
Jackson, Georgia 30233

3.

Smith, Welch, Webb & White, acting as Agents of the Butts County School District, and therefore as State Actors under Color of Law, violated the rights of Plaintiffs under Section 1983, specifically: 42 U.S.C 12203a-b, the Privacy Act of 1974 (5 U.S.C. 552a), and 18 U.S.C. 1001a

4.

Smith, Welch, Webb & White allowed Mr. Waldroup, an attorney in their employ, to present such a document in court for public consumption.

5.

THE Plaintiffs pray that this Court, in finding the above-styled statements to be true and in violation of privacy and civil rights laws, grant the Plaintiffs the amount of one million dollars ($1,000,000) and any other relief as the Court may see fit.

*Premessa Jenkins 3-16-15*
(Signature and date)

178 Jackson Street Jackson Georgia 30233

(770) 820-7934

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing PREMESSA JENKINS, BY AND FOR TAMIA JENKINS v. SMITH, WELCH, WEBB & WHITE, ATTORNEYS FOR BUTTS COUNTY SCHOOL DISTRICT was mailed/delivered to Smith, Welch, Webb & White, attorneys at 117 Brookwood Avenue Jackson, Georgia 30233

*Premessa Jenkins 3-16-15*
(Signature and date)

**178 Jackson Street Jackson, Ga 30233**

**(770) 820-7934**